IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD KRUEGER AND REBEKAH KRUEGER,**

**Plaintiffs,**

vs.

**R.J. REYNOLDS TOBACCO COMPANY,
a corporation & MARTIN & BAYLEY, INC.,
d/b/a HUCK'S CONVENIENCE STORE,**

**Defendants.**                                    No. 05-CV-00090-DRH

MEMORANDUM & ORDER

**HERNDON, District Judge:**

## I. Introduction

On December 27, 2004, Plaintiffs Gerald and Rebekah Krueger filed the present complaint in the Third Judicial Circuit, Madison County, Illinois against Martin & Bayley, Inc. d/b/a Huck's Convenience Store ("Huck's") and R.J. Reynolds Tobacco Company ("Reynolds") **(Doc. 2)**. On February 10, 2005, Defendants removed the case based on this Court's diversity jurisdiction arguing that Huck's was fraudulently joined and its citizenship should be disregarded for purposes of the Court's jurisdiction **(Doc. 1)**.

Now before the Court are Plaintiffs' Motion to Remand **(Doc. 12)** and Defendants' Motion to Strike **(Doc. 26)**. For the reasons set forth below, the Court denies Plaintiffs' Motion to Remand and Defendants' Motion to Strike.

1

## II. Background

Defendant Reynolds manufactures and distributes tobacco products under the brand name Salem Lights **(Doc. 2, Compl. at ¶ 4)**. Defendant Huck's is engaged in the business of selling Salem Lights brand cigarettes **(*Id.* at ¶ 5)**. Plaintiff Gerald Krueger alleges he purchased and consumed (on average) approximately 20-30 Salem Lights cigarettes per day for more than 24 years **(*Id.* at ¶ 3)**. Plaintiff Gerald Krueger alleges that as a result of using Salem Lights tobacco products as intended he was diagnosed with lung cancer on December 6, 2000 **(*Id.* at ¶ 1)**. Among other things, Plaintiff Gerald Krueger alleges he was without knowledge that he received higher levels of tar and nicotine than Defendants represented or that the smoke produced by Salem Lights cigarettes is more mutagenic than regular cigarettes **(*Id.* at ¶ 3)**.

Count I alleges that Defendant Reynolds[1] violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), **815 ILCS 505/1, *et seq.***, by misrepresenting and/or concealing certain facts about the tar and nicotine content and the increased mutagenicity of Salem Lights such that Plaintiff was induced to purchase these cigarettes **(*Id.* at ¶¶ 8-21)**. Count VII makes the same allegations against Defendant Huck's **(*Id.* at ¶¶ 55-68)**.

Count II alleges that Defendant Reynolds expressly warranted that the Salem Lights cigarettes were "Lights" cigarettes and contained "lowered tar and

---

[1] The Court notes that although Counts I through Counts VI of the Complaint are addressed towards Defendant Reynolds, the allegations contained in those counts generally name Defendant Huck's. The Court assumes that this was a mistake by Plaintiffs and will treat Counts I through Counts VI as against Defendant Reynolds.

nicotine" pursuant to the **Uniform Commercial Code § 2-313**, **810 ILCS 5/2-313**, by placing the words "Salem Lights" and/or "lowered tar and nicotine" on each and every package sold to Plaintiff (***Id.* at ¶ 25**). Plaintiffs allege that Defendant Reynolds breached the aforesaid express warranties in that the Salem Lights cigarettes were not "Lights" and/or did not deliver "lowered tar and nicotine" to Plaintiff (***Id.* at ¶ 27**). Count VIII (incorrectly labeled as Count VII) makes the same allegations against Defendant Huck's (***Id.* at ¶¶ 69-77**).

Count III alleges that Defendant Reynolds by virtue of **§ 2-314 of the Uniform Commercial Code**, **810 ILCS 5/2-314**, impliedly warranted that Salem Lights cigarettes were merchantable (***Id.* at ¶ 34**). Plaintiffs allege that Plaintiff relied upon the implied warranty that Salem Lights cigarettes were merchantable and Defendant Reynolds breached the implied warranty in that the Salem Lights cigarettes were not merchantable (***Id.* at ¶¶ 34, 36**). Count IX makes the same allegations against Defendant Huck's (***Id.* at ¶¶ 78-86**).

Count IV alleges products liability against Defendant Reynolds in that Defendant Reynolds sold Salem Lights cigarettes that were defective in that they were unreasonably dangerous in light of their nature and intended use (***Id.* at ¶ 42**). Count X makes the same allegations against Defendant Huck's (***Id.* at ¶¶ 87-95**). Plaintiffs further contend that "[d]ue to the extent of their [sic] obligations, including judgments pending against them [sic] and their [sic] obligations to the various states under the Master Settlement Agreement, R.J. Reynolds, Inc., the manufacturers [sic] of Salem Lights at issue, would not be able to satisfy any judgment in Plaintiff's favor based

upon his claims represented in Count IV of this Complaint." **(Id. at ¶ 95)**.

Count V alleges negligence against Defendant Reynolds **(Id. at ¶¶ 49-54)**. Count XI makes the same allegations against Defendant Huck's **(Id. at ¶¶ 96-101)**.

Count VI, brought by Rebekah Krueger, alleges loss of consortium against Defendant Reynolds **(Id. at ¶¶ 54-57)**. Count XII makes the same allegations against Defendant Huck's **(Id. at ¶¶ 54-57)**.

### III. Analysis

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)*(citations omitted)***.

Here, despite the apparent lack of diversity jurisdiction (both Plaintiffs and Huck's are Illinois citizens), Defendants argue that Huck's was fraudulently joined in the action and that without the presence of Huck's diversity of citizenship exists between the parties. Assuming Defendants can meet their burden to show fraudulent joinder, diversity jurisdiction exists because the parties are diverse, Plaintiffs are

4

Illinois residents and Reynolds is an out-of-state corporation,[2] and there is no dispute that the amount in controversy exceeds $75,000. **See 28 U.S.C. § 1332**.

In the context of jurisdiction, "fraudulent" is a term of art. **See Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)**. "Although false allegations of jurisdictional fact may make joinder fraudulent, . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success whatever the plaintiff's motives." ***Id.* (collecting cases)**. To prove fraudulent joinder the out-of-state defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant,'" **Schwartz v. State Farm Mutual Auto. Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999)(citing Poulos, 959 F.2d at 73))**, or "if a state court has come to judgment, there [is not] any reasonable possibility that the judgment will be reversed on appeal." **Poulos, 959 F.2d at 73**. The defendant bears a heavy burden in this regard. ***Id.***

In **International Brotherhood of Teamsters Local 734 Health and Welfare Trust Fund v. Philip Morris, Inc., 97 C 8813 and 97 C 8114, 1998 WL 242130, at \*4 (N.D. Ill. May 8, 1998)(Manning, J.),** *removal aff'd on other grounds,* **196 F.3d 818 (7th Cir. 1999)**, the plaintiffs sought reimbursement for the health care costs for smokers who allegedly suffered from smoking-related illnesses.

---

[2]For purposes of diversity jurisdiction, a corporation is deemed a citizen of a State in which it is incorporated and of the State where it has its principal place of business. **See 28 U.S.C. § 1332(c)(1);** *see also* **CCC Info. Services, Inc. v. American Salvage Pool Assoc., 230 F.3d 342, 346 (7th Cir. 2000)**. Defendant Reynolds is a New Jersey corporation with its principal place of business located in Winston-Salem, North Carolina. **(Doc. 2, Compl. at ¶ 4)**.

*Id.* **at \*1**.  The plaintiffs made allegations against the non-diverse cigarette distributor defendants similar to those made here: the defendants "distributed, sold and promoted the sale of cigarettes and tobacco products"; "expressly and impliedly warranted that the tobacco products which they . . . distributed . . . were of merchantable quality, fit and safe"; and "possessed scientific data to demonstrate that the tobacco products . . . were linked to serious illness and medical complications." *Id.* **at \*2-3**.  Finding it unnecessary to analyze the elements of each of the plaintiffs' ten counts, the district court held that the non-diverse cigarette distributor defendants were fraudulently joined because the allegations against them were "wholly conclusory" and "did not tie the distributor defendants into the allegedly wrongful acts described in the complaints." *Id.* **at \*5**.

In this case, the Court finds that Huck's has been fraudulently joined. ***Accord Sandrowski v. Philip Morris,* No. 03-CV-555-MJR (S.D. Ill. Mem. & Order Oct. 6, 2003)(Reagan, J.)**.  In their complaint, Plaintiffs make the same generic allegations against both Reynolds and Huck's, and in fact, even name Huck's as the Defendant in counts directed at Reynolds.  **(Doc. 2, Compl., Counts I-VI)**. In support of their motion to remand, Plaintiffs rely on three decisions made by the circuit court in Madison County, Illinois where the court construed the "[d]efendant's challenges to the sufficiency of [the] [p]laintiffs' [c]omplaint, combined with [d]efendant's prayer for relief that [p]laintiffs' [c]omplaint be dismissed with prejudice, as a Motion to Dismiss" finding that the plaintiffs had stated a valid causes of action against Huck's for violation of the ICFA, breach of express warranty, breach of the

implied warranty of merchantability, products liability, and negligence. ***See Mills v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store,*** No. 04-L-1270 (Ill. Cir. Ct. April 12, 2005)(Kardis, J.)(Doc. 25, Ex. G); ***Wilkerson v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store,*** No. 05-L-125 (Ill. Cir. Ct. June 2, 2005)(Kardis, J.)(Doc. 30, Ex. 1); ***Lucas v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store,*** No. 05-L-127 (Ill. Cir. Ct. June 2, 2005)(Kardis, J.)(Doc. 30, Ex. 2)**. Denying a motion to dismiss is one matter. The state court judge will, of course, be compelled to discharge Huck's at the summary judgement stage. If not, this Court predicts his orders will not withstand appellate review. In short, the Court cannot say that there is any reasonable possibility that the state court would rule against Huck's or an Illinois appellate court would reverse its ultimate decision to dismiss Huck's from the case.

### IV.  Conclusion

The Court **DENIES** Plaintiffs' motion to remand because Defendants have met their burden of establishing that removal was proper **(Doc. 12)**. The Court **DISMISSES** Huck's from the case because it was fraudulently joined as a defendant.

The Court further **DENIES** Defendants' motion to strike **(Doc. 26)**.

**IT IS SO ORDERED.**

Signed this 3rd day of August, 2005.

                                                /s/   David RHerndon
                                                **United States District Judge**