IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD KRUEGER and REBEKAH KRUEGER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> R. J. REYNOLDS TOBACCO COMPANY, ) <br> ) <br> Defendant. ) | Case No.: 3:05-cv-90-DRH |

### ORDER

This matter is before the Court on the discovery dispute between the parties regarding item number 6 in the Plaintiff's Authorization for Release of Medical Records signed on October 20, 2005. In the release, the Plaintiff excepted pathology material that the parties identified as re-cuts of tissue blocks. This discovery dispute was the subject of two conferences, on October 31, 2005 and November 9, 2005. The parties have submitted the following proposed order that the Court now enters:

On October 31, 2005, a Telephonic Discovery Dispute Conference was held. The conference was continued to November 9, 2005, to permit the parties to confer and determine the following issues:

(1) How much tissue sample is available?

(2) Are there un-stained samples available?

(3) Is there enough tissue sample for testing without compromising the plaintiff's health or future diagnosis/treatment?

Plaintiffs' counsel conferred with Dr. Steven Nuernberger, the pathologist who has custody of the pathology tissue samples at issue. Dr. Nuernberger stated that all original slides

have been stained.  Dr. Nuerenberger further stated that he believes that there are sufficient tissue samples available for the parties to obtain re-cuts without compromising Gerald Krueger's health or future diagnosis and treatment and without using any original tissue samples used in Gerald Krueger's diagnosis; however, this must be confirmed by Anderson Hospital's "tissue lab", MDL Laboratories in Belleville, Illinois.

Therefore, over Plaintiffs' objections, the Court **ORDERS** Anderson Hospital to send the following tissue blocks relating to Gerald Krueger to MDL Laboratories, pursuant to Anderson Hospital's standard procedures, for determination of whether sufficient material exists for re-cuts:

A. Block C01-280

B. Block S01-5372-1; S01-5372-2

C. Block S01-6070-1

D. Block S02-39-1 through S02-39-17.

Anderson Hospital **SHALL** provide MDL Laboratories a copy of this order and shall ask MDL Laboratories to identify the number of standard re-cuts that may be made from each tissue block before MDL Laboratories performs any re-cutting.  After MDL Laboratories identifies the number of standard re-cuts that may be made from each block, Anderson shall notify Plaintiffs' counsel, Lisa Kernan, in writing of the number of re-cuts available, if any, beyond what Anderson Hospital determines is necessary for its own purposes in providing future care and treatment to Gerald Krueger.  Plaintiffs' counsel shall then forward to Defendant's counsel, Larry Hepler, a copy of the Anderson correspondence identifying the number of re-cuts, if any, available for each tissue block.  Defendant is granted leave to then request from Anderson Hospital no more than one-third of the re-cuts available (beyond what Anderson Hospital

determines is necessary for its own purposes in providing future care and treatment to Gerald Krueger) for each tissue block identified above.

In the event Anderson Hospital and/or MDL Laboratories determines, for any tissue block(s) identified above, that there is insufficient material to make any re-cut at all or that there is insufficient material to make at least 3 re-cuts, no re-cuts of any such tissue block(s) shall be made and the parties shall request further direction from the Court with respect to such tissue block(s).

Upon request, any party may review any re-cuts from the tissue blocks that are the subject of this order in the possession of the other party or parties.  All parties shall notify all other parties in writing before any staining, or other testing that would alter the re-cuts, is performed on any re-cuts to give the other parties the opportunity to review and request copies of the re-cuts before the staining or other testing is performed.

Plaintiffs' counsel shall forward a copy of this order to Anderson Hospital.

**DATED: November 9, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
