IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD KRUEGER AND REBEKAH KRUEGER,**

**Plaintiffs,**

vs.

**R.J. REYNOLDS TOBACCO COMPANY,**
a corporation & **MARTIN & BAYLEY, INC.,**
d/b/a **HUCK'S CONVENIENCE STORE,**

**Defendants.**                                                   No. 05-CV-00090-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION & BACKGROUND

On August 3, 2005, the Court issued an order in the instant case, denying Plaintiffs' motion to remand.[1] (Doc. 32.) The Court determined that defendant Martin & Bayley, Inc. d/b/a Huck's Convenience Store ("Huck's") was fraudulently joined and thereby dismissed Plaintiffs' claims against Huck's. (*Id.*) As no other existing claims remained against Huck's, and because Huck's did not file any claims of its own, it was dismissed *sua sponte* as a party from this case. Accordingly, the Court then determined that proper diversity jurisdiction existed between Plaintiffs and defendant R.J. Reynolds Tobacco Company ("Reynolds"),

---

[1] The order also denied Defendants' Motion to Strike any reference by Plaintiff to an April 12, 2005, order entered by the Circuit Court of Illinois, Third Judicial Circuit, Madison County, in a case styled ***Mills v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store,* No. 04-L-1270 (Ill. Ct. App., Apr. 12, 2005)(Kardis, J.)**.

pursuant to 28 U.S.C. § 1332, thereby further finding that the removal of this case was proper. (*Id.*)

Approximately one month after the August 2005 order, Plaintiffs filed a Motion to Reconsider or, in the Alternative, for an Order for Immediate Appeal under 28 U.S.C. § 1292(b), which is now before the Court. (Doc. 33.) Reynolds has opposed Plaintiffs' motion to reconsider, to which Plaintiffs have filed a reply. (Docs. 36 & 39, respectively.)

To briefly recount the factual background of this case, Plaintiffs originally filed their complaint in the state circuit court of Madison County, Illinois.[2]

---

[2]

**Count I** alleges that Reynolds violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), **815 ILCS 505/1, *et seq.*,** by misrepresenting and/or concealing certain facts about the tar and nicotine content and the increased mutagenicity of Salem Lights such that Plaintiff was induced to purchase these cigarettes **(Doc. 2, ¶¶ 8-21)**. **Count VII** makes the same allegations against Huck's (***Id.* at ¶¶ 55-68**).

**Count II** alleges that Reynolds expressly warranted that the Salem Lights cigarettes were "Lights" cigarettes and contained "lowered tar and nicotine" pursuant to the **Uniform Commercial Code ("UCC") § 2-313**, **810 ILCS 5/2-313**, by placing the words "Salem Lights" and/or "lowered tar and nicotine" on each and every package sold to Plaintiff (***Id.* at ¶ 25**). Plaintiffs allege that Reynolds breached the aforesaid express warranties in that the Salem Lights cigarettes were not "Lights" and/or did not deliver "lowered tar and nicotine" to Plaintiff (***Id.* at ¶ 27**). **Count VIII** (*incorrectly labeled as Count VII*) makes the same allegations against Huck's (***Id.* at ¶¶ 69-77**).

**Count III** alleges that Reynolds by virtue of **§ 2-314 of the U.C.C.**, **810 ILCS 5/2-314**, impliedly warranted that Salem Lights cigarettes were merchantable (***Id.* at ¶ 34**). Plaintiffs allege that Plaintiff relied upon the implied warranty that Salem Lights cigarettes were merchantable and Reynolds breached the implied warranty in that the Salem Lights cigarettes were not merchantable (***Id.* at ¶¶ 34, 36**). **Count IX** makes the same allegations against Huck's (***Id.* at ¶¶ 78-86**).

**Count IV** alleges products liability against Reynolds in that Reynolds sold Salem Lights cigarettes that were defective in that they were unreasonably dangerous in light of their nature and intended use (***Id.* at ¶ 42**). **Count X** makes the same allegations against Huck's (***Id.* at ¶¶ 87-95**). Plaintiffs further contend that "[d]ue to the extent of their [sic] obligations,

(Continued on next page.)

Reynolds is in the business of manufacturing and distributing tobacco products, such as cigarettes sold under the brand name "Salem Lights." (Doc. 32, p. 2.) Huck's is a retailer chain of stores which sells Reynolds' Salem Lights brand cigarettes. (*Id.*) For over 24 years, plaintiff Gerald Krueger alleges he purchased and consumed approximately 20-30 Salem Lights cigarettes per day – the resulting effect of such practice being a diagnosis of lung cancer on December 6, 2000. (*Id.*) Mr. Krueger's injury centers around his allegation that Defendants represented that Salem Lights offered the consumer less levels of tar and nicotine than regular cigarettes and the smoke produced by Salem Lights was less mutagenic than it actually is. (*Id.*)

Although granting a motion to reconsider judgment, pursuant to **Federal Rule of Civil Procedure 60(b)**, is considered an "extraordinary remedy," in this instance the Court believes it necessary to correct a legal misapprehension displayed in its August 2005 order. For the following reasons, the Court **GRANTS** Plaintiffs' Motion o Reconsider and hereby **REMANDS** this case back to the Circuit Court of Madison County, Illinois.

---

(Footnote 2, cont'd.)

including judgments pending against them [sic] and their [sic] obligations to the various states under the Master Settlement Agreement, R.J. Reynolds, Inc., the manufacturers [sic] of Salem Lights at issue, would not be able to satisfy any judgment in Plaintiff's favor based upon his claims represented in Count IV of this Complaint." (***Id.* at ¶ 95**).

**Count V** alleges negligence against Reynolds (***Id.* at ¶¶ 49-54**). **Count XI** makes the same allegations against Huck's (***Id.* at ¶¶ 96-101**).

**Count VI**, brought by Rebekah Krueger, alleges loss of consortium against Reynolds (***Id.* at ¶¶ 54-57**). **Count XII** makes the same allegations against Huck's (***Id.* at ¶¶ 54-57**).

## II. ANALYSIS

A.   MOTION TO RECONSIDER JUDGMENT UNDER RULE 60(b)

Plaintiffs do not make their Motion to Reconsider pursuant to any specifically stated Federal Rule of Civil Procedure. However, as Plaintiffs filed their Motion to Reconsider more than 10 days after the judgment was issued, the Court will construe it as a Motion to Reconsider Judgment, made pursuant to **Federal Rule of Civil Procedure 60(b)**. *See Fogel v. Gordon & Glickson, P.C.*, **393 F.3d 727, 733 (7th Cir. 2004)(explaining that once the 10-day window under Rule 59(e) has passed, the logical rule to cite for requesting relief from a final judgment is Rule 60(b));** *see also See Britton v. Swift Transp. Co. Inc.,* **127 F.3d 616, 618 (7th Cir. 1997) (citations omitted)**. Essentially, "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" ***Karraker v. Rent-A-Center,* Inc., 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997))**. "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." ***Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)**.

**Rule 60(b)** provides, in pertinent part:

> The Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: **(1)** mistake, inadvertence, surprise, or excusable neglect; **(2)** newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); **(3)** fraud

> (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; **(4)** the judgment is void; **(5)** the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or **(6)** any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

In their Motion to Reconsider, Plaintiffs argue that the Court failed to apply the appropriate legal standard for analyzing the issue of fraudulent joinder. (Doc. 33, ¶¶ 8-10.) Entwined with this argument is also Plaintiffs' assertion that legal precedent "supports remand," made evident by the decision rendered in *Lucas v. Martin & Bayley, Inc.*, **Case No. 05-CV-410-MJR (Doc. 14)**. (*Id*. at ¶¶ 9 & 15.) The *Lucas* opinion was issued approximately three weeks after the Court's order denying remand and *sua sponte* dismissing Huck's as a party in this case.

*Lucas* is a case similar to this one – although the plaintiff and the tobacco company are different parties, defendant Huck's is being sued as the distributor in both of them. In *Lucas*, Judge Reagan held that there was no fradulent joinder with respect to Huck's. Because plaintiff and Huck's were considered residents of the same state, diversity jurisdiction did not exist and as there was no other basis for federal subject matter jurisdiction, plaintiff's motion to remand was granted. The *Lucas* decision was largely based upon the fact that there had been an actual previous state court ruling that plaintiff's claims against Huck's

were viable. ***See  Lucas v. Martin & Bayley, Inc.*, Case No. 05-CV-410-MJR (Doc. 14, pp. 2-3)**. Therefore, a determination of whether plaintiff could establish a cause of action against the in-state defendant was unnecessary – the state court had already decided the issue in plaintiff's favor. Continuing to bolster the arguments set forth in their motion, Plaintiffs in this case also cite to two similar state court orders and a federal district court order.³ (Doc. 33, ¶¶ 11, 12 & 15.). Yet these cases are not newly-introduced; Plaintiff had addressed them throughout its previous remand pleadings. In fact, the Court acknowledged these specific cases in its previous order dismissing Huck's. (Doc. 32, pp. 6-7.)

Opposing Plaintiffs' Motion to Reconsider, Reynolds begins by asserting that Plaintiffs have not meet the requisite legal standard for a motion to reconsider. Instead, Plaintiffs merely rely "on nothing more than the same arguments that they made in their Motion to Remand" pleadings. (Doc. 36, p. 1.) Secondly, Reynolds argues the Court did, in fact, apply the correct legal standard for fraudulent joinder in determining that defendant Huck's had been fraudulently joined. (*Id*. at 2.)

---

³ The state cases are ***Mills v. Martin & Bayley, Inc. D/b/a Huck's Convenience Store*, No. 04-L-1270 (Ill. Ct. App., Apr. 12, 2005)(Kardis, J.)**, and ***Wilkerson v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store*, No. 05-L-125 (Ill. Ct. App. June 2, 2005)(Kardis, J.)**, both filed in the circuit court of Madison County, Illinois. (Doc. 33, Exs. B & C.) The claims in the both ***Mills*** and ***Wilkerson*** were similar to Plaintiffs' claims in the instant case. The circuit court denied Huck's motion to dismiss in each case, finding that Plaintiffs had stated valid causes of action against Huck's. (*Id.*) The federal district court case cited was ***Sandrowski v. Phillip Morris USA, Inc.*, No. 03-CV-555-MJR (S.D. Ill. Oct. 6, 2003)(Reagan, J.)(Doc. 9)**. In ***Sandrowski***, also similar to the instant case, the district court found that Huck's had been fraudulently joined and therefore dismissed it as a party from the suit, thereby finding diversity jurisdiction existed between plaintiff and Phillip Morris and therefore, removal was proper. Since that order, the ***Sandrowski*** plaintiff continues to pursue her claims solely against Huck's in state court.

Arguably, the ***Lucas*** opinion could be loosely construed as "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" or even "any other reason justifying relief from the operation of the judgment," as stated under **Rule 60(b)**.  Despite the fact that this Court strives to be consistent in its rulings, the ***Lucas*** opinion was issued by a different Judge in a different case.  As a parallel decision, it is not exactly binding precedent upon this Court.  However, it aids in perhaps reflecting a shift in the way district courts apply the fraudulent joinder analysis to accord with current state court rulings on distributor liability.

Plaintiffs also argue the Court mistakenly applied the wrong standard in conducting its fraudulent joinder analysis (most appropriately stated under **Rule 60(b)(1)**).  As stated in the well-known ***Poulos*** case:

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.
>
> ***Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)(citation omitted)**.

As such, if there exists a reasonable possibility that a plaintiff has stated a viable cause of action against the in-state defendant, the Court cannot find joinder to be fraudulent.[4]  This type of analysis would appear to be somewhat analogous to the

---

[4] Fraudulent joinder also occurs when there has been outright fraud in plaintiff's pleadings of jurisdictional fact.  ***Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)(citation omitted)**.  Such argument has not been raised in this case and will therefore not be addressed.

legal standard applied for a **Rule 12(b)(6)** motion to dismiss for failure to state a claim. On the other hand, the remainder of the standard set forth in ***Poulos*** perhaps unintentionally beguiles one into varying this standard into something more abstruse, as the opinion continues to state:

> At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?

***Id.***

Such inquiry, because a district court is attempting to essentially predict the outcome of a case, would make it difficult *not* to look to the merits in reaching its conclusion. Unfortunately, the Court believes this is exactly what it did in this instance, thereby applying an inaccurate legal standard of analysis for fraudulent joinder. Rather, the Court believes the more appropriate analysis would simply examine whether there exists a reasonable possibility that plaintiff states a viable cause of action against the non-diverse defendant and restrain from delving further into the merits. Upon reviewing the relevant pleadings and exhibits and in light of recent court decisions (both Illinois state and federal), the Court finds that Defendants did not meet their burden in showing that Huck's was fraudulently joined in this case. In other words, there exists at least a reasonable possibility that Plaintiffs have stated a viable cause(s) of action against Huck's.

### III. CONCLUSION

As the Court finds it inaccurately applied the fraudulent joinder analysis, and now determines that Huck's was not fraudulently joined in this case, Plaintiffs' Motion to Reconsider is hereby **GRANTED**. The Court's August 3, 2005 order, which *sua sponte* dismissed Huck's from this suit and denied Plaintiffs' Motion to Remand is hereby **VACATED**. (Doc. 32.) Instead, Huck's will remain a party to this suit. Further, because Huck's is again a proper party, diversity jurisdiction pursuant to **28 U.S.C. § 1332** has ceased to exist. Absent a separate finding of federal subject matter jurisdiction existing at the time of removal of this case, the Court must declare it has no subject matter jurisdiction over this case. Thus, the case shall be remanded back to the circuit court of Madison County, Illinois. Therefore, Plaintiff's initial Motion to Remand (Doc. 12) is **GRANTED**, but Defendants' Motion to Strike (Doc. 26) is still **DENIED**.

**IT IS SO ORDERED.**

**Signed this 6th day of January, 2006.**

/s/          David RHerndon
**United States District Judge**